TRANSIT ADVERTISERS, Inc. v. NEW
YORK, N. H. & H. R. CO.

No. 199, Docket 22598.

United States Court of Appeals
Second Circuit.

Argued April 6, 1953.

Decided April 29, 1953.

Donovan, Leisure, Newton, Lumbard &
Irvine, New York City (Granville Whittle-
sey, Jr., New York City, of counsel), for
plaintiff-appellant.

Edward R. Brumley, New York City
(James D. O'Neill, New York City, of
counsel), for defendant-appellee.

Before SWAN, Chief Judge, and CLARK
and FRANK, Circuit Judges.

FRANK, Circuit Judge.

The order from which plaintiff appeals
was entered because of a provision con-
tained in our mandate and described in our
opinion on the former appeal of this case,
reported in 194 F.2d 907. As appears from
that opinion, plaintiff, on its cross-appeal,
alleged three errors in the trial court's
computation of damages, and we rejected
all but the third. We pointed out, 194 F.2d
at pages 911–912, that, in a case such as
this, "the amount of damages cannot be
determined directly, i. e., by subtracting
from the known contract price the known
cost of performance"; that the trial court
had been "faced with a complex situation
in which none of [the] factors could be
shown with any high degree of exactitude";
and that the trial court had been reasonable
"in discounting its own computation of
damages for unforeseen future contin-
gencies." As to the third alleged error, re-
lating to an alleged failure to include an
item of $12,000 payable yearly by the de-
fendant to the plaintiff, we said, 194 F.2d
at page 912, that it should have been in-
cluded in the computation, and that it was
not "clear from the record" whether it had
been. We remarked that it may have been
"inadvertently omitted" but added that "it
may have been included without specific
reference to it", giving an example of how
that could have occurred. We concluded
thus: "On this one point only a remand is
therefore necessary for a definite finding
to clarify this issue and, if it has not

already been done, to give proper effect to the $12,000 item in the award of damages." Our mandate issued in accordance with this opinion. On the remand, the trial judge wrote a brief opinion reading as follows: "I no longer have my original notes and computations. It is not my practice or custom to preserve such papers after my decision has been filed. I have neither sufficient space available for such storage, nor an inclination to pile up an enormous mass of records in my chambers. I have a clear recollection of having taken into account on any calculation of the damages sustained by the plaintiff the contract payment of $12,000 per annum for board installations. This recollection finds support, in my opinion, by reference to page 722 of the stenographer's minutes, and is also reflected in the Transit Advertisers, Inc. accountant's report of annual income and expenses for the year 1948 (Exhibit 19, stenographer's minutes page 723). I also recall that plaintiff by its motion to amend the findings of fact relative to the quantity of damages in its motion returnable before me on April 3, 1951, specifically called my attention to my alleged failure to include these annual payments of $12,000 made by the railroad when I was computing my damages. I was then requested by the plaintiff to amend my findings by increasing a probable operating profit by this amount of $12,000 per annum. I declined to do so and denied the motion when it was made on April 3, 1951, because this item was already reflected in the net result I had reached. In this connection the plaintiff submitted a proposed finding of fact No. 26, which I refused to find. My findings as to the amount of damages sustained by plaintiff was based only in part on the 1948 business of Transit. I also considered expert opinion on it and the experience of 'Transportation.' I have already taken into consideration that item of $12,000. I find it unnecessary to recompute and I see no occasion for changing, modifying, or increasing in any way the amount of damages I have heretofore allowed." The judge then made an order reading as follows: "Ordered that it is unnecessary to recompute damages and there is no reason for changing, modifying or increasing in any way the amount

of damages awarded in the judgment of this Court entered on the 20th day of March, 1951." From this order, plaintiff appeals.

We think the judge complied with our mandate. What we said in our earlier opinion and what he said in his opinion (above quoted) suffice to disclose that, in dealing with "a complex situation in which none of [the] factors could be shown with any degree of exactitude," he did take into account the $12,000 item. Contrary to plaintiff's contention, this is not a case where basic figures have been so established by undisputed or undisputable evidence that but one conclusion may reasonably be deduced.

Affirmed.